UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        Plaintiff,

    v.                                          Case No. 01-CR-193

**YSEF GIBBS**
        Defendant.

---

### ORDER

Defendant Ysef Gibbs, whom I sentenced to 180 months in prison on December 6, 2002, has filed a motion seeking sentence credit and removal of a detainer. Because I lack authority to grant his requests, I dismiss the motion.

At the time he was sentenced in the instant case, defendant was serving a twenty-five year state prison sentence for reckless homicide, with a mandatory release date of March 30, 2013. I ordered that the instant sentence run concurrently to the state term, which had the effect of adding about four years to his total incarceration. Defendant is still in state prison, with a federal detainer.

Defendant's first request is that he receive credit for time he spent in custody awaiting sentence in the present case. However, it is the Bureau of Prisons, not the sentencing court, which determines and awards credit under 18 U.S.C. § 3585(b).[1] United

---

[1] To the extent that an inmate disputes the calculation of credit, his quarrel is with the BOP and not the sentencing court. See Jake v. Herschberger, 173 F.3d 1059, 1063 (7th Cir. 1999) (stating that in such circumstances a "prisoner's first avenue to seek relief is . . . through the BOP's administrative procedures"). I also note that although a district court may order a federal sentence run concurrently with an undischarged state term, 18 U.S.C. § 3584(a), and if the defendant is still in state custody when the federal sentence is imposed, the BOP can implement the concurrent sentence by designating a state facility

States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000).

Defendant's second request is that I remove the pending detainer because it is affecting his custody status. However, aside from stating that this was part of his plea agreement, he provides no authority for me to remove the detainer, which is in place to ensure that the judgment in the instant case is carried out upon defendant's release from state prison. See Witzke v. Gluch, No. 91-1814, 1991 U.S. App. LEXIS 26517 (6th Cir. Nov. 5, 1991) (rejecting challenge to state detainer filed with federal authorities based on concurrent state prison term).

**THEREFORE, IT IS ORDERED** that defendant's motion (Docket # 453) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

as the place of federal confinement, see §§ 3585(a), 3621(b), the BOP cannot give credit for any period of pre-sentence custody that has already been credited against another sentence, § 3585(b). Thus, even if defendant was physically in the hands of the marshals service during the months before his sentencing in the instant case, he likely remained in the legal custody of Wisconsin during that period and received credit against his state sentence. See Jake, 173 F.3d at 1062 n.1; see also Sinito v. Kindt, 954 F.2d 467, 469 (7th Cir. 1992) (per curiam) (stating that a writ of habeas corpus ad prosequendum does not alter custody status). Therefore, it appears that this pre-sentence period could not also be credited against the 180-month federal term. See Ross, 219 F.3d at 594.